**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

MADELEINE MICHELE EKANG BANACK,
*Petitioner,*

v.

U.S. IMMIGRATION & NATURALIZATION
SERVICE; JOHN ASHCROFT,
*Respondents.*

No. 02-1803

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A76-416-524)

Submitted: May 20, 2003

Decided: May 30, 2003

Before WILKINSON, MOTZ, and KING, Circuit Judges.

---

Petition denied by unpublished per curiam opinion.

---

**COUNSEL**

Bokwe G. Mofor, Silver Spring, Maryland, for Petitioner. Robert D.
McCallum, Jr., Assistant Attorney General, Genevieve Holm, Trial
Attorney, Leslie M. McKay, Office of Immigration Litigation,
UNITED STATES DEPARTMENT OF JUSTICE, Washington,
D.C., for Respondents.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Madeleine Michele Ekang Banack, a native and citizen of Gabon, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming without opinion the immigration judge's order denying her applications for asylum and withholding of removal.

The decision to grant or deny asylum relief is conclusive "unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D) (2000). We conclude that the record supports the immigration judge's conclusion that Banack failed to establish her eligibility for asylum. *See* 8 C.F.R. § 208.13(a) (2003); *Gonahasa v. INS*, 181 F.3d 538, 541 (4th Cir. 1999). As the decision in this case is not manifestly contrary to law, we cannot grant the relief that Banack seeks.

Additionally, we uphold the immigration judge's denial of Banack's application for withholding of removal. The standard for withholding of removal is more stringent than that for granting asylum. *Chen v. INS*, 195 F.3d 198, 205 (4th Cir. 1999). To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-31 (1987). Because Banack fails to show that she is eligible for asylum, she cannot meet the higher standard for withholding of deportation.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*